**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES MARTIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:12-CV-458-M-BK** |
| | § | |
| **BOYZY LONG,** | § | |
| | § | |
| **Defendant.** | § | |

**<u>FINDINGS, CONCLUSIONS, and RECOMMENDATION</u>**

Pursuant to *Special Order 3*, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions.  For the reasons that follow, the undersigned recommends, *sua sponte*, that this case be remanded to state court, as this Court lacks subject-matter jurisdiction.

On December 23, 2011, Plaintiff filed a *Complaint for Eviction* against Defendant.  (Doc. 3 at 11).  On February 13, 2012, Defendant removed the case to this Court on the basis of diversity jurisdiction, arguing that the parties are citizens of different states and the fair market value of the subject property subject is $136,000.00.  (Doc. 3 at 1-2).  However, contrary to that assertion, Defendant subsequently lists Texas addresses for both himself and Plaintiff.  (Doc. 3 at 3).

The Court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *See Ruhgras AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir.

1

2005) ("federal court may raise subject matter jurisdiction *sua sponte*").  Moreover, any doubts as to the propriety of the removal should be construed strictly in favor of remand.  *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.  Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant.  *Getty Oil Corp. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

A suit originally filed in state court is removable to federal court as long as none of the defendants is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).  This is commonly known as the "forum-defendant rule."  *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009).

Contrary to his assertion that the parties of citizens of different states, Defendant's *Notice of Removal* lists Texas addresses for all parties.  (Doc. 3 at 3).  Accordingly, it is recommended that this case be remanded to County Court at Law Number 2, Dallas County, Texas.

**SIGNED** February 23, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE